# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| JOEL LEHI ORGANISTA,<br>Petitioner,<br>v.<br>STATE OF UTAH ATTORNEY GENERAL,<br>Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-CV-145-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Petitioner Joel Lehi Organista brings a habeas corpus petition, seeking relief under 28 U.S.C. §§ 2241.[1] The court denies the petition.

## I.

On January 18, 2022, Mr. Organista was sentenced to "an indeterminate term of not less than 15 years and which may be life" and to "an indeterminate term of not less than one year nor more than fifteen years" for aggravated sexual abuse of a child and for enticing a minor by internet or text, respectively. *State v. Organista*, No. 211905997 (Utah 3d Dist. Jan. 18, 2022);

---

[1] Mr. Organista purports to bring his petition "pursuant to . . . 28 U.S.C. §§ 2241–2256." *See* Dkt. No. 1-1 at 1. But these statutory provisions authorize three distinct types of habeas petitions. First, under Section 2241, a state or federal prisoner may "attack[] the execution of a sentence rather than its validity." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citation omitted); *see also* 28 U.S.C. § 2241(c)(3). Second, under Section 2254, a prisoner may challenge the validity of a state conviction or sentence. *See* 28 U.S.C. § 2254(a); *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809, 811 (10th Cir. 1997). Third, under Section 2255, a prisoner may challenge the validity of a federal conviction or sentence. *See* 28 U.S.C. § 2255(a); *Carnine v. U.S.*, 974 F.2d 924, 927 (10th Cir. 1992). The remaining sections that Mr. Organista cites set forth procedural requirements for habeas petitions and proceedings. *See* 28 U.S.C. §§ 2242–53. Mr. Organista does not challenge the validity of his conviction or sentence. Rather, he challenges only how his sentence is carried out: that he is incarcerated at the Utah State Prison and not a federal facility. *See* Dkt. No. 1-1 at 2. The court accordingly construes Mr. Organista's petition to seek relief under 28 U.S.C. § 2241.

*see also* Dkt. No. 1-2 at 2. Mr. Organista also pleaded guilty to production of child pornography and transportation of child pornography, both federal crimes. *See United States v. Organista*, No. 2:21-cr-246-DBB (D. Utah 2022), Dkt. No. 44 at 1. He was sentenced to fifteen years' imprisonment to be followed by fifteen years' supervised release. *See id*. at 2–3. Mr. Organista was sentenced to serve his time in the Utah State Prison, where the state and federal sentences would run concurrently. *See* Dkt. No. 1-2 at 2. The sentence provided that Mr. Organista could instead serve his state sentences in a federal facility, however. *See id.* In his petition, Mr. Organista contends that he is "at risk of serious bodily harm from other inmates due to the nature of his offense" and "humbly requests transfer to a more appropriate facility wherein he can safely serve out the term of his incarceration." Dkt. No. 1-1 at 2. Specifically, Mr. Organista seeks to be transferred from the Utah State Prison to the high security federal penitentiary in Florence, Colorado. *See* Dkt. No. 1-1 at 2.

## II.

"Petitions under Section 2241 are used to attack the execution of a sentence" and may include challenges to "matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters" that affect "the fact or duration of the prisoner's confinement." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997) (cleaned up). But "prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits . . . not through federal habeas proceedings." *Sandifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (citation omitted).

In *Wilkinson v. Dotson*, two prisoners brought a Section 1983 claim alleging that Ohio's parole procedures were unconstitutional. *See* 544 U.S. 74, 76 (2005). The Court determined that success for the prisoners on their claims did "not mean immediate release from confinement or a

shorter stay in prison." *Id.* at 82. Rather, for one prisoner, success meant at most "*consideration of a new parole application*"; for the other prisoner, it meant "at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term." *Id.* The Court reasoned that "[b]ecause neither prisoner's claim would necessarily spell speedier release, neither lies at the core of habeas corpus" and the prisoners could proceed under Section 1983. *Id.* (cleaned up).

In his concurrence, Justice Scalia opined that claims of alleged constitutional violations that "may or may not result in release" may be brought *only* under Section 1983 because nothing in the habeas statute "authorizes federal courts to order relief that neither terminates custody, accelerates the future date of release from custody, nor reduces the level of custody." *Id.* at 86 (Scalia, J. concurring). In *Skinner v. Switzer*, the Supreme Court appears to have subsequently endorsed Justice Scalia's view. *See* 562 U.S. 521, 535 n.13 (2011). The Ninth Circuit has expressly adopted the rule proposed by Justice Scalia. *See Nettles v. Grounds*, 830 F.3d 922, 930–31 (9th Cir. 2016). And the Tenth Circuit has followed this rule as well, albeit in unpublished opinions. *See Barela v. Martin*, 830 F. App'x 252, 255–256 (10th Cir. 2020); *Dimmick v. Bourdon*, 769 F. App'x 616, 619 (10th Cir. 2019). To the extent these authorities are not controlling, the court finds them persuasive and will follow them here.

Mr. Organista alleges that he is "at risk of serious bodily harm from other inmates due to the nature of his offense." Dkt. No. 1-1 at 2. This is a claim that "may not"—indeed, cannot— "result in release." *Dotson*, 544 U.S. at 86 (Scalia, J. concurring). Nor would this claim "spell speedier release." *Dotson*, 544 U.S. at 82. Nor does Mr. Organista otherwise challenge the fact or duration of his sentence. Rather, he seeks transfer to a supposedly safer facility where he can "serve out the term of his incarceration." Dkt. No. 1-1 at 2. And nothing in Mr. Organista's

petition suggests that his request would reduce the level of his custody—indeed, he requests transfer to a high-security federal penitentiary. *See id*. It follows that Mr. Organista may not obtain the relief he seeks through a habeas petition.

\*   \*   \*

For the foregoing reasons, Mr. Organista's petition for a writ of habeas corpus is **DENIED**. A certificate of appealability is also **DENIED**. If Mr. Organista wishes to further pursue the claims asserted in his petition, he must file a separate civil rights action under 42 U.S.C. § 1983 using the appropriate civil rights complaint form. The Clerk's Office shall mail to Mr. Organista a Pro Se Litigant Guide with a blank civil rights complaint form that he may use to pursue his claims if he wishes to do so.

**IT IS SO ORDERED**.

Dated this 8th day of September 2023.

BY THE COURT:

_____
Howard C. Nielson Jr.
United States District Court Judge